ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ALEXIS JAMES (NYBN 5603865)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Alexis.James@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 22-CR-00230-001 JST |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| ROY MONTOYA, | |
| Defendant. | |

## I. INTRODUCTION

The defendant, Roy Montoya, sold firearms incessantly. Law enforcement investigated a ring of firearms traffickers who used the Instagram platform for advertising their firearms sales. As part of the investigation, law enforcement identified the defendant. From July 2021 through April 2022, the defendant sold firearms on Instagram. Based on the investigation, law enforcement executed a search warrant on the defendant's residence on April 14, 2022, recovering several indicia of firearms trafficking.

On June 16, 2022, the Government filed a two-count indictment charging the defendant with

1

one count of Dealing in Firearms Without a License pursuant to 18 U.S.C. § 922(a)(1)(A), and one count of Possession of a Machinegun. On June 1, 2023, the defendant pled guilty to Count One of the Indictment. Shortly after pleading guilty, the defendant entered the LEADS program. The defendant has performed well in LEADS and met his goals, set at the beginning of the program.

This case is set for sentencing on May 3, 2024, before the Honorable United States District Judge Jon S. Tigar. Based on the plea agreement and the defendant's success in the LEADS program, the Government recommends 3 years of supervised release. This sentence is consistent with the plea agreement and is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a)(2).

## II. OFFENSE AND RELATED CONDUCT

The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), California Highway Patrol (CHP), and Homeland Security Investigations (HSI) investigated the firearms trafficking activities of a group of individuals believed to trafficking firearms, including machineguns, in the Northern District of California. This investigation identified Roy Montoya, the defendant, to be involved in this group. Over the course of the investigation, law enforcement learned that the defendant sold several firearms, including machineguns, shot barreled rifles, and AK-47 type weapons.

The facts included in the PSR are the pertinent facts for sentencing. The government further agrees with probation's categorization of the procedural history of the case.

## III. CRIMINAL HISTORY

At the time of conduct, the defendant was approximately 26 years old. While he has multiple previous arrests, the defendant has no previous conviction. PSR ¶¶ 35-41.

## IV. SENTENCING GUIDELINES CALCULATIONS

The Government disagrees with the United States Probation Department's Sentencing Guidelines calculation. PSR at ¶ 18. Specifically, the Government disagrees that the defendant's Base Offense Level is 14. *Id.* This Base Offense Level should be 18, in accordance with USSG § 2K2.1(a)(5) - Offense involved a firearm described in 26 USC 5845(A).[1] The Government otherwise agrees with

---

[1] The Government agrees with Probation that the correct guidelines would include USSG § 2K2.1(b)(6); however, the Government did not include this enhancement in the plea agreement and thus,

2

Probation's findings. PSR at ¶¶ 19-29. A Total Offense Level of 23 with a Criminal History Category I, yields an advisory sentencing range of 46 to 57 months of imprisonment. However, consistent with the plea agreement, the Government recommends three years of probation.

### V.     APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(5) the need to provide restitution to any victims of the offense.

### VI.    RECOMMENDATION

Based upon a consideration of the defendant's performance in LEADS and the plea agreement, the Government respectfully recommends a sentence of three years of supervised release. Such a sentence would be sufficient, but not greater than necessary.

The defendant sold firearms with little deterrence. He sold them quickly, brazenly, and

---

does not argue that it should be included.

indiscriminately. However, the defendant is not violent, possess little to no criminal history, and excelled in the LEADS program.

As mentioned in the PSR report, the defendant was fully compliant with his conditions of release during his participation in LEADS, he completed his certification in Heating, Ventilation, and Air Conditioning, and according to his assigned officer, the defendant was a model candidate for the LEADS program. The Government commends the defendant on his progress and achievement with the LEADS program.

While the conduct is significant, a sentence higher than three years of supervised release is not warranted. The Government submits that this sentence adequately addresses the seriousness of the crime, the circumstances of the offense, and serves adequate deterrence of future similar conduct while taking into account the history and characteristics of the defendant.

**VII.   CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence of a 36-months term of supervised release.

DATED:  April 29, 2024                                                          Respectfully submitted,

                                                                                                ISMAIL J. RAMSEY
                                                                                                United States Attorney

                                                                                                 /s/ *Alexis James*
                                                                                                ALEXIS JAMES
                                                                                                Assistant United States Attorney